# EXHIBIT

# A

Office of Harris County District Clerk - Marilyn Burgess

**HCDistrictclerk.com**     VALENCIA, PERFECTO vs. ALLSTATE TEXAS LLOYD'S INC     11/24/2019

Cause: 201974368     CDI: 7     Court: 125

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 88115235 | TRIAL SETTING | | 11/15/2019 | 2 |
| 88051343 | Cover Letter | | 11/12/2019 | 1 |
| 88051344 | Defendants Original Answer | | 11/12/2019 | 5 |
| 87887666 | Service Return | | 11/01/2019 | 1 |
| 87865110 | Civil Process Pick-Up Form | | 10/10/2019 | 1 |
| 87532781 | PLAINTIFF'S ORIGINAL PETITION | | 10/09/2019 | 11 |
| ·> 87532782 | REQUEST FOR ISSUANCE OF SERVICE | | 10/09/2019 | 1 |

11/1/2019 8:42 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38143532
By: Shanelle Taylor
Filed: 11/1/2019 8:42 AM

CAUSE NO.  201974368

RECEIPT NO.                    0.00      ATY
          **********
                              TR # 73683747

PLAINTIFF: VALENCIA, PERFECTO                    In the  125th
           vs.                                   Judicial District Court
DEFENDANT: ALLSTATE TEXAS LLOYD'S INC            of Harris County, Texas
                                                 125TH DISTRICT COURT
                                                 Houston, TX

                         CITATION
THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYD'S INC (A TEXAS INSURANCE COMPANY) MAY BE SERVED
    WITH PROCESS BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900  DALLAS  TX 75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 9th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition, a
default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 10th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                      MARILYN BURGESS, District Clerk
AVILA, DANIEL                              Harris County, Texas
811 MAIN                                   201 Caroline, Houston, Texas 77002
HOUSTON, TX 77003                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 469-3896
Bar No.: 24109601                          Generated By: HALL, JOSHUA EVERETT  GLH//11352575

_____

                 OFFICER/AUTHORIZED PERSON RETURN
Came to hand at    3    o'clock P .M., on the  30  day of  October   2019 .
Executed at (address) 1999 Bryan St, Suite 900, Dallas, TX 75201      in
  Dallas        County at  9:50  o'clock A .M., on the  31  day of  October,
2019 , by delivering to  Allstate Texas Lloyds Inc. by CT Corporation System & Intake
Specialist Kim Highfowr  defendant, in person, a
true copy of this Citation together with the accompanying    1    copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this  31  day of  October, 2019.

FEE: $                               Caleb Malone PSC 15774 exp
_____                                       10/31/21
                           of  Dallas  County, Texas

_____        By _____
Affiant                               Deputy

On this day  Caleb Malone                      , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this  31  day of  October , 2019 .

                                        _____
                                                Notary Public

BETHANY PALLISTER
Notary ID # 129009133
My Commission Expires
June 1, 2020

N.INT.CITRB.P                                          *73683747*



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

## CAUSE NUMBER: 2019-74368

**ATY X**          **CIV**          **COURT 125**

---

**REQUESTING ATTORNEY/FIRM NOTIFICATION**

**\*ATTORNEY:** AVILA, DANIEL          **PH:** 713-469-3896

**\*CIVIL PROCESS SERVER:**

**\*PH:**                                        **BOX:**

**\*PERSON NOTIFIED SVC READY:**   *Unavailable*

**\* NOTIFIED BY:** JOSHUA HALL

**DATE:**   10-11-19

---

Type of Service Document: Citation          Tracking Number **73683747**
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____

**Process papers prepared by:**          **J. HALL**

**Date:  10/10/2019**          **30 days   waiting**          **11/10/2019**

---

**\*Process papers released to:**   *Ewonshia Graham*
281-300-8244          **(PRINT NAME)**
**\*(CONTACT NUMBER)**          **(SIGNATURE)**

**\*Process papers released by:**   **Kevin Childs**
          **(PRINT NAME)**

          **Kevin Childs**
          **(SIGNATURE)**

**\* Date:** 10/30 , 2019  **Time:** 10.'45  AM PM

---

Revised 12-15-2014

10/9/2019 4:17:21 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37520528
By: HALL, JOSHUA E
Filed: 10/9/2019 4:17:21 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiff's Original Petition

**FILE DATE:** 10/9/2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be

Served):

**Issue Service to:**  Allstate Texas Lloyd's, Inc.

Address of Service:  1999 Bryan Street, Suite 900

City, State & Zip: Dallas, Texas 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication Newspaper** _____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
- [x] **ATTORNEY PICK-UP** (phone)  713-469-3896
- [ ] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Daniel Avila/Perfectc  Bar # or ID  24109601

Mailing Address: 811 Main Street, Suite 1700, Houston, TX

Phone Number: 713-469-3896

 **CT Corporation**

**Service of Process Transmittal**
10/31/2019
CT Log Number 536542091

TO:     TEXAS LITIGATION
        ALLSTATE INSURANCE COMPANY - DFW CASUALT
        8711 N FREEPORT PKWY #23
        IRVING, TX 75063-2578

RE:     **Process Served in Texas**

FOR:    ALLSTATE TEXAS LLOYD'S, INC.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PERFECTO VALENCIA, PLTF. vs. ALLSTATE TEXAS LLOYD'S, INC., DFT. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 125th Judicial District Court Harris County, TX<br>Case # 201974368 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/31/2019 at 10:07 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Daniel Avila II<br>Reed Smith, LLP<br>811 Main Street, Suite 1700<br>Houston, TX 77002<br>713-469-3896 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/31/2019, Expected Purge Date: 11/05/2019<br><br>Image SOP<br><br>Email Notification,  TEXAS LITIGATION  texaslitigation@allstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / AZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CAUSE NO. 201974368

RECEIPT NO.          0.00     ATY
         **********      TR # 73683747

PLAINTIFF: VALENCIA, PERFECTO            In The   125th
        vs.                             Judicial District Court
DEFENDANT: ALLSTATE TEXAS LLOYD'S INC    of Harris County, Texas
                                       125TH DISTRICT COURT
                                       Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

*(handwritten: 10/31 by CH)*

TO: ALLSTATE TEXAS LLOYD'S INC (A TEXAS INSURANCE COMPANY) MAY BE SERVED
    WITH PROCESS BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>9th day of October, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 10th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:             MARILYN BURGESS, District Clerk
AVILA, DANIEL                      Harris County, Texas
811 MAIN                            201 Caroline, Houston, Texas 77002
HOUSTON, TX  77003            (P.O. Box 4651, Houston, TX 77210)
Tel: (713) 469-3896
Bar No.: 24109601           Generated By: HALL, JOSHUA EVERETT GLH//11352575

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock \_\_\_.M., on the \_\_\_\_\_ day of _____, _____.

Executed at (address) _____ in

_____ County at \_\_\_\_\_ o'clock \_\_\_.M., on the \_\_\_\_\_ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying \_\_\_\_\_ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this \_\_\_\_\_ day of _____, _____.

FEE: $_____            _____

                            _____ of _____County, Texas

                        By _____
_____
     Affiant                                Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this \_\_\_\_\_ day of _____, _____.

                          _____
                               Notary Public

N.INT.CITR.P                *73683747*

10/9/2019 4:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37520528
By: Joshua Hall
Filed: 10/9/2019 4:17 PM

*2019-74368 / Court: 125*

CAUSE NO. _____

| | | |
|---|---|---|
| PERFECTO VALENCIA, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC., | § | HARRIS COUNTY, TEXAS |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Perfecto Valencia ("Plaintiff") files this Original Petition against Allstate Texas

Lloyd's, Inc. ("Allstate") and respectfully shows the Court as follows:

### I.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 2 of Rule 190.3 of the

Texas Rules of Civil Procedure.

### II.    PARTIES

2.    Plaintiff, Perfecto Valencia, is an individual who resides in Harris County, Texas.

3.    Defendant, Allstate, is a Texas insurance company engaged in the business of

insurance in the State of Texas. Allstate may be served with personal process by its registered

agent, CT Corporation System, at 1999 Bryan Street, Suit 900, Dallas, Texas 75201, or wherever

else it may be found.

### III.    JURISDICTION AND VENUE

4.    The subject matter in controversy is within the jurisdictional limits of this court.

5.      This court has jurisdiction over the parties because the Plaintiff and the property which is the subject of this suit are located in Harris County, Texas.

6.      Venue in Harris County is proper in this case under Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county and the plaintiff and the property which is the subject of this suit are located in Harris County, Texas.

### IV.     FACTUAL BACKGROUND

1.      **The Initial Claim (6440)**

7.      Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued to and sold by Allstate.

8.      Plaintiff owns the insurance property, which is specifically located at 3930 Cedar Gardens, Dr., Houston TX 77082 (hereinafter referred to as the "Insured Property").

9.      During the terms of the Policy, on or around April of 2015, under Allstate Policy No. 000229137866 and Claim No. 0366946440, Plaintiff sustained covered property damage amounting to at least $30,000.

10.     Plaintiff promptly reported the damages to Allstate who subsequently sent out an adjuster to assess available coverage. During the inspection, Allstate's adjuster barely spoke to Plaintiff and took only thirty minutes to conduct a cursory and minimal inspection.

11.     Plaintiff asked Allstate to cover the cost of repairs to the Insured Property as required by the Policy.

12.     Allstate had a duty to pay the claim promptly, but, instead, did not pay any of Plaintiff's claim for two years.

2

13. Due to Allstate's failure to make repairs to the home, Plaintiff's home continued to have leaks and subsequently mold began to form inside Plaintiff's home, creating serious respiratory health problems for all of the people residing in the home.

**2.     The Second Claim (4180)**

14. During the terms of the same Policy, on or around August of 2017 under Claim No. 0473774180 PBW, Plaintiff sustained covered losses to his home in the form at least $30,000.

15. Plaintiff promptly reported the damages to Allstate who subsequently sent out an adjuster to assess available coverage. During the inspection, Allstate's adjuster undertook a cursory and minimal inspection of the Insured Property.

16. Plaintiff asked Allstate to cover the cost of repairs to the Insured Property pursuant to the Policy. In a letter to Plaintiff dated October 24, 2017, Allstate denied the claim in its entirety, arguing no recent damage had occurred.

17. Ironically—and presumably because the prior damages were sustained two years before—Allstate attempted to attribute the damage to Plaintiff's home and with a prior claim Plaintiff made in 2015 (which Allstate has not fully paid). Allstate failed to explain how they determined the damage observed was not the result of the more recent 2017 storm. Allstate pointed only to an irrelevant portion of Plaintiff's insurance policy to support their arbitrary and unfounded denial of Plaintiff's claim. The damages incurred from the August 2017 storm require full replacement of roof and roof components, including the roof vents, flashing, gutters, and more.

18. Allstate failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages. Importantly, Plaintiff and its immediate family continued to be exposed to the toxins of the mold that was created from Allstate's failure to adequately pay the claim in a timely manner as required by law.

3

19.     Plaintiff has attempted to resolve this dispute without the court's intervention but due to the continued health risks of the mold that Allstate failed to remedy, and Allstate's inability to cooperate with Plaintiff's demands, Plaintiff had no choice but to bring this lawsuit.

## V.     CAUSES OF ACTION

### 1.  BREACH OF CONTRACT (Initial Claim (6440))

20.     The preceding paragraphs are incorporated here by reference.

21.     Plaintiff and Allstate entered into a valid enforceable contract, which is the Policy.

22.     Plaintiff fully performed its contractual obligations under the Policy.

23.     Under the terms of the Policy, Allstate contracted to pay Plaintiff for direct physical loss or damage to the Insured Property. Allstate has failed and refused to comply with its contractual obligation under the Policy for the claim ending in 6440.

24.     Defendant's breach caused injury to the plaintiff, which resulted in damages.

25.     Plaintiff seeks damages within the jurisdictional limits of this Court.

26.     Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code, chapter 38 because this suit is for breach of a written contract. Plaintiff was forced to retain counsel to defend itself.

### 2.  BREACH OF CONTRACT (Second Claim (4180))

27.     The preceding paragraphs are incorporated here by reference.

28.     Plaintiff and Allstate entered into a valid enforceable contract, which is the Policy.

29.     Plaintiff fully performed its contractual obligations under the Policy.

4

30.     Under the terms of the Policy, Allstate contracted to pay Plaintiff for direct physical loss or damage to the Insured Property. Allstate has failed and refused to comply with its contractual obligation under the Policy for the claim ending in 4180.

31.     Defendant's breach caused injury to the plaintiff, which resulted in the damages.

32.     Plaintiff seeks damages within the jurisdictional limits of this Court.

33.     Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code, chapter 38 because this suit is for breach of a written contract. Plaintiff was forced to retain counsel to defend itself.

**3.  PROMPT PAYMENT VIOLATIONS (Initial Claim (6440))**

34.     The preceding paragraphs are incorporated here by reference.

35.     Plaintiff was an insured under a contract for homeowner's insurance issued by defendant.

36.     Defendant is a homeowner's insurance company.

37.     Plaintiff suffered a loss covered by the policy and gave proper notice to defendant of plaintiff's claim on or around April of 2015.

38.     Defendant is liable for the claim and had a duty to pay the claim ending in 6440 in a timely manner.

39.     Defendant breached the duty by not timely paying the claim after accepting it.

40.     Plaintiff seeks damages within the jurisdiction of this Court.

41.     Statutory damages. Plaintiff is entitled to recover actual damages and under Texas Insurance Code section 542.060(a), statutory damages of 18% the amount of the claim.

42.     Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060 and 542A.

4. **PROMPT PAYMENT VIOLATIONS (Second Claim (4180))**

43. The preceding paragraphs are incorporated here by reference.

44. Plaintiff was an insured under a contract for homeowner's insurance issued by defendant.

45. Defendant is a homeowner's insurance company.

46. Plaintiff suffered a loss covered by the policy and gave proper notice to defendant of plaintiff's claim on or around April of 2015.

47. Defendant is liable for the claim and had a duty pay the claim ending in 4180 in a timely manner.

48. Defendant breached the duty by denying the claim.

49. Plaintiff seeks unliquidated damages within the jurisdiction of this Court.

50. Statutory damages. Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% the amount of the claim.

51. Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060 and 542A.

5. **DTPA (Initial Claim (6440))**

52. The preceding paragraphs are incorporated here by reference.

53. Plaintiff is a consumer under DTPA because plaintiff sought services by purchase.

54. Defendant is a corporation that can be sued under the DTPA.

55. Defendant violated the DTPA when defendant used or employed an act or practice in violation of the Texas Insurance Code, chapter 541, including but not limited to:

    a. Engaging in false, misleading, or deceptive acts or practices that Plaintiff relied to Plaintiff's detriment;

6

      b.  Engaging in an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience, and/or capacity to a grossly unfair degree; and

      c.  Using or employing an act or practice in violation of the Texas Insurance Code, chapter 541.

56.     It was impracticable for plaintiff to give defendant written notice under Texas Business & Commerce Code, section 17.505(a) because plaintiff needed to file this suit to prevent the expiration of the statute of limitations. Therefore, written notice was not required.

57.     Plaintiff seeks damages within the jurisdictional limits to the Court.

58.     Defendant acted knowingly which entitles plaintiff to recover mental-anguish damages under Texas Business & Commerce Code, section 17.50(b)(1).

59.     Defendant acted intentionally, which entitles plaintiff to recover treble economic damages under the Texas Business & Commerce Code, section 17.50(b)(1).

60.     Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code, section 17.50(d).

## 6. DTPA (Second Claim (4180))

61.     The preceding paragraphs are incorporated here by reference.

62.     Plaintiff is a consumer under DTPA because plaintiff sought services by purchase.

63.     Defendant is a corporation that can be sued under the DTPA.

64.     Defendant violated the DTPA when defendant used or employed an act or practice in violation of the Texas Insurance Code, chapter 541, including but not limited to:

      a.  Engaging in false, misleading, or deceptive acts or practices that Plaintiff relied to Plaintiff's detriment;

      b.  Engaging in an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience, and/or capacity to a grossly unfair degree; and

      c.  Using or employing an act or practice in violation of the Texas Insurance Code, chapter 541.

65.     It was impracticable for plaintiff to give defendant written notice under Texas Business & Commerce Code, section 17.505(a) because plaintiff needed to file this suit to prevent the expiration of the statute of limitations. Therefore, written notice was not required.

66.     Plaintiff seeks damages within the jurisdictional limits to the Court.

7

67.     Defendant acted knowingly, which entitles plaintiff to recover treble economic damages under the Texas Business & Commerce Code, section 17.50(b)(1).

68.     Defendant acted intentionally, which entitles plaintiff to recover treble economic damages under the Texas Business & Commerce Code, section 17.50(b)(1).

69.     Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code, section 17.50(d).

**7.   BAD FAITH (Initial Claim (6440))**

70.     The preceding paragraphs are incorporated here by reference.

71.     Plaintiff was an insured under an insurance contract issued by Allstate, which gave rise to a duty of good faith and fair dealing.

72.     Defendant breached the duty by delaying payment of a covered claim when defendant knew or should have known its liability under the policy was clear.

73.     Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages.

74.     Plaintiff seeks damages within the jurisdictional limits of this Court.

75.     Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code, section 41.003(a).

76.     Plaintiff is entitled to recover reasonable attorney fees under the Texas Insurance Code, chapter 542A.

**8.   BAD FAITH (Second Claim (4180))**

77.     The preceding paragraphs are incorporated here by reference.

78.     Plaintiff was an insured under an insurance contract issued by Allstate Insurance Company, which gave rise to a duty of good faith and fair dealing.

79.     Defendant breached the duty by denying payment of a covered claim when defendant knew or should have known its liability under the policy was clear.

80.     Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages.

81.     Plaintiff seeks damages within the jurisdictional limits of this Court.

82.     Exemplary damages. Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud,

8

which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code, section 41.003(a).

83.    Plaintiff is entitled to recover reasonable attorney fees under the Texas Insurance Code, chapter 542A.

### 9. DECEPTIVE INSURANCE PRACTICES (Initial Claim (6440))

84.    The preceding paragraphs are incorporated here by reference.

85.    Plaintiff was an insured under an insurance contract issued by Allstate Insurance Company, which gave rise to a duty of good faith and fair dealing.

86.    Defendant breached the duty by delaying payment of a covered claim when defendant knew or should have known its liability under the policy was clear.

87.    Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages.

88.    Plaintiff seeks damages within the jurisdictional limits of this Court.

89.    Exemplary damages. Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code, section 41.003(a).

90.    Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code, Section 541.152(a)(1) and 542A.

### 10. DECEPTIVE INSURANCE PRACTICES (Second Claim (4180))

91.    The preceding paragraphs are incorporated here by reference.

92.    Plaintiff was an insured under an insurance contract issued by Allstate Insurance Company, which gave rise to a duty of good faith and fair dealing.

93.    Defendant breached the duty by denying payment of a covered claim when defendant knew or should have known its liability under the policy was clear.

94.    Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages.

95.    Plaintiff seeks damages within the jurisdictional limits of this Court.

96.    Exemplary damages. Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code, section 41.003(a).

9

97.    Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code, Section 541.152(a)(1) and 542A.

## VI.    CONDITIONS PRECEDENT

98.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VII.    JURY DEMAND

99.    In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Plaintiff makes this demand for a jury trial in this litigation.

## VIII.    MONETARY RELIEF SOUGHT

100.    In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff states that it seeks monetary relief in excess of $1,000,000.

## IX.    REQUEST FOR DISCLOSURE

101.    Plaintiff requests that Allstate disclose all of the information provided for by Texas Rule of Civil Procedure 194.

## X.    REQUEST FOR RELIEF

Accordingly, Plaintiff Perfecto Valencia respectfully requests that be cited to appear, and that Plaintiff have judgment against Allstate for:

a.    damages plus pre-judgment interest as provided by law;

b.    treble economic damages as determined by a jury;

c.    mental-anguish damages as determined by a jury;

d.    exemplary damages as determined by a jury;

e.    consequential damages;

f.    reasonable attorneys' fees and expenses;

g.    costs of court;

10

h.  post-judgment interest at the highest rate allowed by law from the date of judgment until paid; and

i.  all further relief, special or general, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**REED SMITH, LLP**

*/s/ Daniel Avila II*
Daniel Avila II
Texas Bar No. 24109601
Tel: 713.469.3896
davila@reedsmith.com
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas  77002
Fax: 713.469.3899
*Attorney for Plaintiff*
*Perfecto Valencia*

11

11/12/2019 11:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38411470
By: Shanelle Taylor
Filed: 11/12/2019 11:30 AM

## CAUSE NO.   2019-74368

| | | |
|---|---|---|
| PERFECTO VALENCIA,<br>    **Plaintiff,** | § <br> § <br> § | **IN THE DISTRICT COURT OF** |
| **vs.** | § <br> § <br> § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE TEXAS LLOYDS,**<br>    **Defendant.** | § <br> § <br> § | **125TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyds, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

## I.

## GENERAL DENIAL

At this time Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

## II.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

### III.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred.  For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by § 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

### II.   NOTICE REQUIREMENT UNDER TEX. INS. CODE §542A

Section 542A.003 of the Texas Insurance Code provides that in addition to any notice required by law or the policy, not later than the 61st day before the date suit is filed, Plaintiff must provide written notice to Defendant as a prerequisite to filing suit. Plaintiff's failure to provide the required notice under sec. 542A.003 prior to filing this action constitutes a breach of that statute.

Because Plaintiff failed to give notice as required by sec. 542A.003(b)(2) at least 61 days before filing this action, Plaintiff are not entitled to recover attorneys' fees incurred after the date this defense was originally pled in this action.

### IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

### V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiff's pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others.   Accordingly, Plaintiff's claims are barred or must

2

be reduced under the doctrine of contributory or comparative fault.

## VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of his claim, as required by the policy.

## VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Allstate Texas Lloyds, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $40.00 as jury fee.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Texas Lloyds, prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*/s/ John M. Causey*

John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com
**ATTORNEYS FOR DEFENDANT**


Please be advised that the ***only*** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.


## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on <u>November 12, 2019</u>, correctly addressed to:

Daniel Avila II
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Tel: 713.469.3896
Fax: 713.469.3899
davila@reedsmith.com
**ATTORNEY FOR PLAINTIFF**


*/s/ John M. Causey*

John M. Causey

5

# HOPE & CAUSEY, P.C.

### Attorneys At Law

JOHN M. CAUSEY                          815 W. Davis ✳ Suite 300
*Board Certified Civil Trial Law*                   P.O. Box 3188                        Phone (936) 441-4673
*Board Certified Personal Injury Trial Law*       Conroe, Texas 77305-3188                Fax (936) 441-4674
*Texas Board of Legal Specialization*        *hcdocket@hope-causey.com*

November 12, 2019

Marilyn Burgess
Harris County District Clerk                              ***VIA E-FILE***
201 Caroline, Suite 420
Houston, Texas 77002

RE:     ***CAUSE NO. 2019-74368; PERFECTO VALENCIA VS. ALLSTATE TEXAS LLOYDS; IN THE***
        ***125TH JUDICIAL DISTRICT OF HARRIS COUNTY, TEXAS***

Dear Ms. Burgess:

        Please accept this letter as the Defendant, Allstate Texas Lloyds' request for the <u>Clerk's
Full Record</u> of the cause number and case referenced above.

        Please promptly provide these documents through the E-filing electronic services as soon
as possible.  If you should have any additional requests or questions, please feel free to contact
Jennifer Lafata at <u>jennifer@hope-causey.com</u>, for further assistance.

Sincerely,

HOPE & CAUSEY, P. C.

*John M. Causey*

John M. Causey
JMC/jl

Case No. 201974368

VALENCIA, PERFECTO   *   IN THE DISTRICT COURT OF

  *

vs.   *   HARRIS COUNTY, TEXAS

  *

ALLSTATE TEXAS LLOYD'S INC   *   125th JUDICIAL DISTRICT

  *

## TRIAL SETTING

It is ORDERED that the above styled and numbered case is hereby set for trial. The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply. The following dates are set:

1. **5/29/2020**   **DOCKET CALL/PRE-TRIAL CONFERENCE**
   Parties shall be prepared to discuss all aspects of trial with the court on this date.  TIME: 09:00 AM Failure to appear will be grounds for dismissal for want of prosecution.

2. **6/8/2020**   **TRIAL.**  If not assigned by the second Friday following this date, the case will be reset.

KYLE CARTER
JUDGE, 125TH DISTRICT
COURT

SIGNED

Date Generated 11/15/2019

DANIEL AVILA       24109601
811 MAIN
HOUSTON TX 77003

JCVO10

Case No. 201974368

| VALENCIA, PERFECTO | * | IN THE DISTRICT COURT OF |
| | * | |
| vs. | * | HARRIS COUNTY, TEXAS |
| | * | |
| ALLSTATE TEXAS LLOYD'S INC | * | 125th JUDICIAL DISTRICT |

## TRIAL SETTING

It is ORDERED that the above styled and numbered case is hereby set for trial. The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply. The following dates are set:

1.  **5/29/2020**  **DOCKET CALL/PRE-TRIAL CONFERENCE**
    Parties shall be prepared to discuss all aspects of trial with the court on this date.  TIME: 09:00 AM Failure to appear will be grounds for dismissal for want of prosecution.

2.  **6/8/2020**  **TRIAL.**   If not assigned by the second Friday following this date, the case will be reset.

KYLE CARTER
JUDGE, 125TH DISTRICT
COURT

SIGNED

Date Generated 11/15/2019

JOHN MICHAEL CAUSEY
PO BOX 3188
CONROE TX 77305

04019100

JCVO10