UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERFECTO VALENCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-4595 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### Order Certifying Plaintiff's 28 U.S.C. § 1292(b) Interlocutory Appeal of the Court's Denial of Plaintiff's Motion to Remand

Title 28, § 1292(b) of the United States Code permits a district court in certain circumstances and in its discretion to certify appeal orders that are otherwise not appealable. Under § 1292(b), a court may certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). The district judge must make a proper certification statement in its order that these three criteria have been met.

The Court finds that this case meets this burden. There is no doubt that the removability of Plaintiff's claims is a controlling question of law. Subject matter jurisdiction or the lack thereof is clearly a controlling issue. Resolution of this matter hinges upon whether diversity jurisdiction under 28 U.S.C. § 1332(a) exists when a defendant unilaterally inserts itself into the case without any formal motion to intervene or join and when the plaintiff, Perfecto Valencia, is a resident of Texas and the defendant Mr. Valencia sued, Allstate Lloyd's, Inc. ("Allstate Texas"), is a corporation incorporated in Texas. There is substantial ground for difference of opinion about this question of law. For example, courts have often remanded cases when a

nonparty attempted to remove the case or when a court created diversity jurisdiction by disposing of a defendant. *See Salazar v. Allstate Lloyd's Inc.*, 455 F.3d 571, 572 (5th Cir. 2006) (holding a district court cannot appropriately dismiss "a nondiverse in-state defendant and replace it with a diverse foreign defendant, where the nondiverse in-state defendant was the only named defendant in the action when the suit was removed."); *see also De Jongh v. State Farm Lloyds*, 555 F. App'x. 435, 436 (5th Cir. 2014) (finding Allstate Illinois "did not move to intervene or otherwise request that the district court substitute it as a proper party in interest," and "[c]onsequently it lacked authority to remove th[e] action to federal court.").

Finally, an immediate appeal will materially advance the ultimate termination of the litigation. Resolution of this issue directly determines whether this Court has subject matter jurisdiction over this case. At this stage, it would inure to the benefit of both parties and the orderly administration of justice if an early determination of jurisdiction is made.

This Court, therefore, certifies this case for immediate interlocutory appeal under Title 28, § 1292(b).

It is so ORDERED.

SIGNED on this 9th day of March, 2020.

_____
Kenneth M. Hoyt
United States District Judge